Khushi Ram SHARMA,
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–76410.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alisa Kaufman, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Anne R. Schultz, Kathleen M. Salyer, Esq., Miami, FL, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Khushi Ram Sharma, Joytika Sharma and Prashant Sharma, husband, wife and son, are natives and citizens of Fiji. They petition for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.

 Substantial evidence supports the IJ's adverse credibility determination based on an omission that goes to the heart of lead petitioner Khushi Sharma's asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Sharma omitted the July 29, 1999 attack from his asylum application and from his testimony before the asylum officer, then testified to the incident before the IJ. This encounter with the police was central to Sharma's claim of persecution. *See id.* Moreover, the IJ properly considered and rejected Sharma's explanation for the omission. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004).

The IJ did not violate due process by considering the Asylum Officer's notes and Assessment to Refer ("Exhibit 7") in making the adverse credibility determination. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted) (holding that there was no due process violation where proceedings were not "so fundamentally unfair that the alien was prevented from reasonably presenting his case."). Sharma had an opportunity to comment on the notes' accuracy and to explain the omission. *See Singh v. Gonzales,* 403 F.3d 1081, 1089 (9th Cir.2005). Moreover, given that Sharma gave testimony about failing to tell the asylum officer about the July 29, 1999 incident, he failed to demonstrate how the admission of the asylum officer's notes reflecting the omission affected the outcome of the proceedings. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002) (requiring prejudice to prevail on a due process challenge).

We conclude that substantial evidence supports the IJ's conclusion that Sharma failed to demonstrate eligibility for withholding of removal, or protection under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Petitioners' request for attorney's fees, sanctions, and costs is denied.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.